UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MITCHELL KALWASINSKI,

                  Plaintiff,

- against -

FEDERAL BUREAU OF PRISONS, ET AL.,

                  Defendants.

------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 23, 2010
```

08 Civ. 9593   (PAC) (MHD)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Mitchell Kalwasinski ("Kalwasinski") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order compelling the Federal Bureau of Prisons ("the Bureau") to disclose information relating to his incarceration in New York's Metropolitan Correctional Center ("MCC") in September and October of 2004. Specifically, Kalwasinski seeks records regarding the delivery and return of clothing provided by his family members, as well as counseling reports and visitation records maintained during his stay at MCC. Kalwasinski also seeks to amend his complaint to include a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for damages resulting from the loss of his clothing while he was in federal custody. On December 11, 2008, the Court referred this case to Magistrate Judge Michael H. Dolinger. On March 27, 2009, the Bureau filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Bureau has complied with Local Rule 56.2 (Notice to Pro Se Litigant who Opposes Summary Judgment). Kalwasinski has cross-moved for summary judgment.[1]

On March 15, 2010, Magistrate Judge Dolinger issued a Report & Recommendation ("R&R") recommending that the Bureau's motion for summary judgment be granted and Kalwasinski's motion be denied (Id. at 2). Magistrate Judge Dolinger based his recommendation on several independent grounds.

---

[1] Kalwasinski served the individual defendant in this action, Janice Galli McLeod, Associate Director of the United States Department of Justice's Office of Information and Privacy on January 6, 2009. Magistrate Judge Dolinger previously denied Kalwasinski's request to amend his complaint to list the individual defendant in the caption, and sua sponte recommended that Kalwasinski's claim against the individual defendant be dismissed since FOIA authorizes only claims against federal agencies, not individual defendants.

1

First, the Bureau's affidavits established that its search for records responsive to Kalwasinski's FOIA request did not represent an unreasonable search (Id. at 15-19). While the Bureau's initial search was "plainly insufficient," MCC staff later remedied this deficiency by searching for and obtaining plaintiff's property form folder, which was provided in its entirety (Id. at 16-17). Kalwasinski failed to offer evidence to allege that the Bureau's search was inadequate or in bad faith (Id. at 17-19).

Further, the Bureau established the applicability of FOIA exemptions 6 and 7(C) to eleven pages of records withheld from Kalwasinski and a one page record disclosed to Kalwasinski containing redactions (Id. at 19, 27-28). Exemption 6 permits non-disclosure of personnel, medical and "similar files," so long as disclosure of a requested record "would constitute" an invasion of a person's privacy that is not outweighed by the public's interest in disclosure of the file. 5 U.S.C. § 552(b)(6). Exemption 7(c) is established if the agency demonstrates that the record was compiled for law-enforcement purposes and that its disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Magistrate Judge Dolinger found that: (i) prospective visitors had a privacy interest in the information that the Bureau withheld, and (ii) the public's interest in disclosure of this information is minimal (R&R at 23-27). The records are thus clearly exempt from disclosure under exemption 7(C) and likely exempt under exemption 6) (Id.)

Finally, the Bureau successfully established that it did not withhold any reasonably segregable non-exempt information in withholding eleven pages of records from Kalwasinski (Id. at 30-31). The redaction of all exempt material from the records would leave only meaningless information. (Id. at 30).

Since Magistrate Judge Dolinger recommended granting the Bureau's motion for summary judgment as to Kalwasinski's FOIA action, Magistrate Judge Dolinger denied Kalwasinski's request to amend his complaint to include a Bivens claim, finding that an amendment would significantly delay the resolution of this matter (Id. at 33).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Magistrate Judge Dolinger provided the parties with fourteen days from the service of the R&R during which to file written objections (Id. at 36.)

2

Magistrate Judge Dolinger also advised the parties that: "Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (Id.).

Neither party has filed objections. "To accept the report and recommendations of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Court has reviewed Magistrate Judge Dolinger's R & R and finds no clear error. Accordingly, the Court adopts the R & R in its entirety and GRANTS the Bureau's motion for summary judgment. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
June 23, 2010

SO ORDERED

*[signature: Paul A. Crotty]*

PAUL A. CROTTY
United States District Judge

Copies to:

    Mr. Mitchell Kalwasinski
    #82-A-4795
    Great Meadow Correctional Facility
    Box 51
    Comstock, NY 12821

    Emily E. Daughtry, Esq.
    Assistant United States Attorney
    United States Attorney's Office, S.D.N.Y.
    86 Chambers Street
    New York, NY 10007

3